UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11371-RGS

STEVEN GOMEZ

v.

DEPARTMENT OF TRANSITIONAL ASSISTANCE, et al.

MEMORANDUM AND ORDER

August 7, 2018

On June 28, 2018, Plaintiff Steven Gomez ("Gomez"), now incarcerated at the Suffolk County House of Correction, filed a complaint against the Department of Transitional Assistance and two of its employees alleging claims of false arrest and slander arising from criminal proceedings that followed his arrest.

By Memorandum and Order dated July 19, 2018, he was allowed to *in forma pauperis* and was assessed an obligation to make payments towards the filing fee. Plaintiff was directed to show good cause why his complaint should not be dismissed, or in the alternative, file an Amended Complaint. The Memorandum and Order explained that the complaint failed to state a claim under this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question pursuant to 28 U.S.C. § 1331. To the extent his complaint is

construed as asserting a claim under the federal civil rights statute, 42 U.S.C. § 1983, the defendants have both Eleventh Amendment immunity and witness immunity. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law' " citing *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983)).

Now before the court is plaintiff's Amended Complaint. The Amended Complaint consists of a pre-printed complaint form accompanied by seventeen pages on the legal standards for filing a prisoner civil rights claim. Although the Amended Complaint adds the Norfolk District Attorney and the Dedham House of Correction as defendants, there are no factual allegations concerning the individual defendants.

The Amended Complaint does not address the legal impediments previously noted by this court in the July Memorandum and Order. The Amended Complaint is not set forth in any organized or intelligible fashion. Gomez does not set forth his claims in accordance with the pleading requirements of the Federal Rules of Civil Procedure. The Statement of Claim in the Amended Complaint simply states: "wrongful incarceration, neglect, abuse, slander of name (character), false arrest, pain and suffering, mental

anguish (statement of claim) = $3,000,000, prosecutorial misconduct [and] conditions of confinement prisoner." *See* Am. Compl, p. 4 (statement of claim). He also has not shown good cause why the DTA and the two named employees may be held liable for alleged civil rights violations.

The court finds that the Amended Complaint is insufficient to permit this action to proceed, and no further opportunity to amend or show cause will be provided.

## CONCLUSION

ACCORDINGLY, it is hereby ORDERED that:

(1) This case is DISMISSED for failure to comply with the court's directives as contained in the July Memorandum and Order and pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1),(2), for failure to state a claim upon which relief may be granted; and

(2) The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE